IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| UPSTATE NIAGARA COOPERATIVE, INC., | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| ------------------------------- | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Gail Haas and aggrieved female applicants who were adversely affected by such practices. As alleged with greater particularity in paragraph 13 below, the Equal Employment Opportunity Commission ("Commission") charges that Defendant, Upstate Niagara Cooperative, Inc. (the "Defendant"), failed to hire Haas and other qualified female applicants for production-related positions in Defendant's dairy facilities. Additionally, Defendant failed to retain applications and related hiring documents in violation of the record-keeping requirements of Title VII.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title VII"),and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the Western District of New York.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and(3).

4.   At all relevant times, Defendant has continuously been a New York corporation doing business throughout the State of New York, headquartered at 25 Anderson Road, Buffalo, N.Y., and has continuously had at least 15 employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.   More than thirty days prior to the institution of this lawsuit, Gail Haas filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   On October 19, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.   The Commission engaged in communications with Defendant to provide the opportunity to remedy discriminatory practices described in the Letter of Determination.

9.   The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.  On May 16, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.  All conditions precedent to this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.  Defendant is an incorporated dairy cooperative made up of approximately 360 dairy farmers that currently operates at least five facilities throughout New York State, producing a variety of dairy products, including yogurt, cottage cheese, sour cream, dip, and flavored milk-based beverages. Defendant employs over 700 individuals throughout New York State.

13.  Since at least 2009, Defendant has engaged in unlawful employment practices at its three largest facilities located in Western New York, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). These unlawful practices include but are not limited to the following:

        a.        Defendant intentionally discriminated against female applicants for production-related jobs because of their sex by denying employment opportunities to qualified female applicants.

        b.        The production-related positions for which Defendant unlawfully failed to hire qualified females include, but are not limited to,

Machine Operator, Warehouse Laborer, Loader, Receiver, Mechanic and Plant Maintenance jobs.

c.   Since at least 2009, qualified women have applied for production-related positions at Defendant's Rochester, Dale Road and West Seneca facilities, but Defendant has unlawfully failed to hire them in favor of equally or less qualified men. Most female applicants do not even make it as far as the interview process.

d.   Defendant hired approximately 160 employees into production-related positions at its Rochester, Dale Road and West Seneca facilities from 2008 through 2014. Despite a pool of qualified female applicants, Defendant hired 155 men and only 5 women at those facilities during that time period.

e.    Defendant hired no women at all into production-related positions at its Dale Road and Rochester, N.Y. facilities from 2008 to 2014.

f.   Only 3.13% of hires for production-related positions at Defendant's Rochester, Dale Road and West Seneca facilities from 2008 to 2014 were women, even though U.S. Census data reveal significantly higher percentages of female availability for similar positions throughout New York State.

g.   Since at least 2009, Defendant has hired male applicants in favor of equally or more qualified women for production-related positions at its Rochester, Dale Road, and West Seneca facilities,

4

including hiring male applicants with no relevant past work experience at all.

h.      For example, one female applicant had over 10 years of experience as a Machine Operator and 7 1/2 years of production-related experience when she applied for a Machine Operator's position at Defendant's West Seneca facility in August 2009. She was never contacted for an interview, and Defendant hired her husband for the Machine Operator's position she applied for.

i.      Defendant receives approximately 25% of all of its applications from word-of-mouth referrals from its predominantly male production employees, who refer their male friends and family members for open production positions, a practice that perpetuates the sex-based disparities in Defendant's workforce.

j.      Charging Party Gail Haas applied for a temporary/summer help production position at Defendant's West Seneca facility on April 10, 2010. The job description stated that the position included various machine operation and warehouse duties and that applicants must regularly stack/unstack cases weighing up to 55 pounds, lift/maneuver from floor to shoulder level, and frequently move stacks of products with a hook, pallet jacks, two wheelers or dollies.

k.      Haas was qualified for the temporary/summer help production

position she applied for at Defendant's West Seneca facility on April 10, 2010. She had over nine years of experience in food production, including as a machine operator and forklift driver and lifting and stacking heavy containers.

l.　　Haas was interviewed on April 19, 2010 by Barb Ellis, Defendant's Human Resource Manager at its West Seneca facility. During the interview, Haas discussed her food production and lifting experience. Ellis made her a conditional offer of employment subject to passing a physical exam and told her that although the position was listed as seasonal, it could lead to a full-time permanent position.

m.　　On April 29, 2010, Haas reported for the physical exam, which required her to lift a 50 pound crate to table height and then from table height to over her shoulders. She lifted the crate to table height but objected to lifting it over her shoulders because she believed it would violate OSHA regulations. At the end of the physical exam, the doctor administering the exam told her she had passed.

n.　　Despite being qualified for the production position, Haas was not hired by Defendant. Ellis told Haas that she was not hired because she did not pass the physical exam.

o.          Defendant's records show that around the same time it rejected Haas, it hired five men in production-related jobs at Defendant's West Seneca facility.

14.    The effect of the practices complained of in paragraph 13 above has been to deprive Haas and other qualified female applicants of equal employment opportunities and otherwise adversely affect their status as applicants for employment, because of their sex.

15.    Since at least 2009, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Records which Defendant unlawfully failed to retain include, but are not limited to, employment applications, complete applicant logs, interview documentation, and other hiring-related documentation. These unlawful practices include but are not limited to the following:

a)          Defendant failed to retain applications and hiring-related material for one year, as required by regulations promulgated under Section 709(c) of Title VII, at 29 C.F.R. §1602.14.

b)          After Haas filed her Charge of Discrimination alleging failure to hire her and other women on the basis of sex, Defendant failed to retain and preserve applications and hiring-related material that were plainly relevant to the Charge's allegations of Defendant's sex discrimination in hiring.

16.   The unlawful employment practices complained of in paragraphs 13 and 15 above were intentional.

17.   The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Haas and other female applicants.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex, including failure to hire on the basis of sex.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

D.      Order Defendant to make whole Haas and other aggrieved female applicants, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of qualified female applicants, and where appropriate, instatement or front pay.

E.      Order Defendant to make whole Haas and other aggrieved female applicants, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, in amounts to be determined at trial.

F.      Order Defendant to make whole Haas and other aggrieved female applicants  by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

G.      Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 13 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Associate General Counsel

s/ Jeffrey Burstein
Jeffrey Burstein
Regional Attorney

s/ Nora E. Curtin
Nora E. Curtin
Supervisory Trial Attorney

s/ Jadhira Rivera
Jadhira Rivera (JR3339)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Newark Area Office
Two Gateway Ctr., Ste. 1703

283-299 Market Street
Newark, N.J. 07102
Tel.: (973) 645-6025
Email: jadhira.rivera@eeoc.gov