UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                            Plaintiff,                      **Hon. Hugh B. Scott**

                                                          16CV842S

                              v.                            **Order**

UPSTATE NIAGARA COOPERATIVE, INC.,

                            Defendant.

Before the Court is plaintiff's motion to compel (Docket No. 34). Responses were due by August 5, 2019 (Docket No. 35), but defendant sought an extension (Docket No. 36) which was granted (Docket No. 37). Responses then were due by August 12, 2019, with any reply by August 21, 2019 (Docket No. 37). Defendant responded with its attorney's affidavit and exhibits and Memorandum of Law (Docket No. 42) and plaintiff filed its reply with counsel's declaration and exhibit (Docket No. 43). The motion was deemed submitted (without oral argument) on August 21, 2019.

BACKGROUND

Plaintiff is the federal agency charged with "the administration, interpretation and enforcement of Title VII" (Docket No. 1, Compl. ¶ 3). Defendant is a dairy cooperative in this District, employing at least 15 employees (id. ¶¶ 12, 4).

Gail Haas filed a charge with plaintiff alleging defendant violated Title VII, 42 U.S.C. §§ 2000e, et seq. (id. ¶ 6). Since 2009, plaintiff alleges that defendant "has engaged in unlawful employment practices at its three largest facilities located in Western New York" (id. ¶ 13), primarily in denying employment opportunities to qualified female applicants such as Haas (id.). Those practices allegedly deprived Haas and other qualified female applicants equal employment opportunities because of their sex (id. ¶ 14). Since 2009, defendant also failed to make and preserve relevant records (id. ¶ 15).

On October 19, 2015, plaintiff issued to defendant a Letter of Determination (id. ¶ 7; Docket No. 8, Def. Atty. Decl., Ex. G) finding reasonable cause to believe that Title VII was violated and inviting defendant to conciliate the matter (Docket No. 1, Compl. ¶ 7). After discussions with defendant, plaintiff was unable to reach a conciliation agreement with defendant (id. ¶¶ 8-10). In the Letter of Determination, plaintiff found that "there is reasonable cause to believe that [defendant] has failed to hire women in production positions at its West Seneca, Dale Road, and Rochester facilities since January 1, 2008" (Docket No. 8, Ex. G, at 2) and there was reasonable cause to believe that defendant failed to preserve application materials (id.). On October 24, 2016, plaintiff filed a Complaint in this action (Docket No. 1). In addition to seeking to make Haas and other female applicants whole, provide compensation and punitive damages, plaintiff also sought a permanent injunction against defendant engaging in discrimination on the basis of sex and to order defendant to institute policies and practices to provide equal employment opportunities for female applicants (Docket No. 1, Compl. at 8-9, Prayer for Relief).

While the Complaint alleges defendant's activities since 2009 (id. ¶¶ 13, 15), it implies (but does not state explicitly) that these unlawful employment practices are continuing to occur.

Defendant moved to dismiss on statute of limitations grounds (Docket No. 8) but this Court denied that motion (Docket No. 16). In rejecting a timeliness argument, Judge William Skretny found that a charge was filed with plaintiff within 300 days (id. at 10-11). Quoting the Eastern District of New York's decision in EEOC v. Thomas Dodge Corp. of N.Y., 524 F. Supp. 2d 227, 230 (E.D.N.Y. 2007), Judge Skretny noted that the limitation period applied to practices discovered by plaintiff and also to "'additional victims who are uncovered during such investigation'" (id. at 11, quoting Thomas Dodge Corp., supra, 524 F. Supp. 2d at 230, adding emphasis, 7). Judge Skretny's denial of the dismissal motion did not address the continuing nature of plaintiff's claims.

Defendant then answered (Docket No. 17) and this case was referred to the undersigned for pretrial proceedings (Docket No. 18). This Court eventually (cf. Docket Nos. 19-25) entered a Scheduling Order (Docket No. 26). Plaintiff moved to opt out or stay mediation, arguing that it lacked sufficient information about the female applicants to defendant to engage in meaningful settlement discussions and that it had pending discovery demands from defendant of application and other employment information from 2014 to the present (Docket No. 28). After discussion of the opt out or delay of mediation (Docket No. 31), this Court denied the opt out motion and denied in part delay of initial mediation by six months, instead granting a 90-day extension of that deadline (Docket No. 32; see Docket No. 33).

*Plaintiff's Motion to Compel (Docket No. 34)*

On May 13, 2019, plaintiff served its discovery requests (Docket No. 34, Pl. Atty. Affirm. ¶ 3, Ex. A), seeking applicant materials and employee date from January 2008 to the present (id. ¶ 4). Defendant objects to the temporal scope, stating that it was willing to produce responsive records from 2009 through 2013 or 2014 (id. ¶¶ 4, 5). After an agreed upon extension of time for defendant to respond to the discovery demands, defendant served its objections to plaintiff's discovery requests (id. ¶¶ 6, 7, Ex. B). On July 2, 2019, the parties had what plaintiff's counsel termed "a lengthy teleconference to discuss Defendant's temporal scope objection to the EEOC's discovery requests" (id. ¶ 8).

Plaintiff argues first that materials from January 2008 to July 21, 2009, are discoverable (Docket No. 34, Pl. Memo. at 2-4). Next, plaintiff's claim encompasses other individuals found after its investigation ended and documents surrounding those persons are relevant to plaintiff's claim (id. at 4-11). Plaintiff argues that the Letter of Determination provided defendant adequate notice that plaintiff intends to vindicate other aggrieved female applicants to defendant (id. at 5-9). Further, plaintiff contends that defendant cannot limit discovery to materials already provided in the agency's pre-action investigation (id. at 9-11).

Defendant first argues that plaintiff has not certified that it met and conferred with defendant prior to filing this motion (Docket No. 42, Def. Memo. at 5). It contends that it has produced documents from 2008 to July 22, 2009 (id. at 6). Discovery concerning post-Letter of Determination applications are not relevant to plaintiff's claim, which defendant defines as being restriction to prior to the October 19, 2015, Letter of Determination and subsequent conciliation (id. at 6-10). Since the claim dictates the scope of discovery and not the relief sought, the fact

4

that plaintiff is also seeking injunctive relief does not open the door to discovery after October 2015 (id. at 10-11).

In reply, plaintiff's counsel outlined the discussions between counsel prior to filing this motion (Docket No. 43, Pl. Atty. Affirm.), concluding that it complied with Rule 37 and its meet and confer obligations (Docket No. 43, Pl. Reply Memo. at 1). Plaintiff contends that materials after the Letter of Determination date are relevant to its claim because its claim is for continuing harm beyond October 2015 (id. at 2-7). Plaintiff points out that defendant is not arguing undue burden (id. at 2 & n.2) or that the demands are not proportionate to the needs of this case (id. at 3 n.3) and reiterates that the discovery is necessary for its injunctive relief demand (id. at 7).

## DISCUSSION

### I. Applicable Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(1) (emphasis added).

Federal Rule 26(b)(2)(C)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Rule 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a

5

certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Under Rule 26(c), the Court has power to protect against abuses in discovery. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). This Court has broad discretion in issuing such a protective order. Seattle Times, supra, 467 U.S. at 36.

At issue in this case is whether plaintiff makes claims that warrant production of defendant's employment records after October 19, 2015, the date plaintiff issued the Letter of Determination. Defendant makes two arguments on this ground. First, plaintiff's claim is limited to the period for conciliation, up to October 2015 and not later and, second, that production beyond October 2015 (added to production within what defendant believes is the relevant period of 2009-2015) is overly burdensome (Docket No. 42, Def. Memo. at 7).

II. Application

   A. Two Preliminary Matters

Defendant raises two preliminary issues that can be addressed briefly.

      1. Rule 37 Meet and Confer Requirement

Defendant also argues that plaintiff fails to comply with the meet and confer requirement of Rule 37 (Docket No. 42, Def. Memo. at 5). Plaintiff's reply papers outline its efforts in meeting with defendant to resolve this motion. Defendant's objections on meet and confer grounds is **rejected**.

2. Discovery for January 2008 to July 2009

Plaintiff now concedes that it has received (or will soon receive) documents for this period from defendant and has withdrawn that portion of its motion to compel (Docket No. 43, Pl. Reply at 2; cf. Docket No. 42, Def. Memo. at 6). This part of the motion is now **deemed moot**.

B. Production of Materials After Letter of Determination

At issue in the remainder of this motion is the scope of plaintiff's claims after the date of the Letter of Determination, in October 2015 and hence discovery of relevant materials therefrom. Plaintiff claims an ongoing pattern of discrimination continuing to the present, seeking to enjoin it (Docket No. 34, Pl. Memo. at 10-11; Docket No. 43, Pl. Reply Memo. at 7). Plaintiff claims continuous violations by defendant without further or specific allegations aside from Haas' application and the probable cause finding in the Letter of Determination. The Complaint and the Letter of Determination do not expressly allege continuing harm to the present. The Complaint alleges the example of Gail Haas' application only and does not allege other female applicants after her. There is no allegation in the Complaint that defendant's adverse employment practice has continued up to the filing of the pleading or continue to date. Haas has not yet commenced a separate Title VII action against defendant. Plaintiff argues that the Complaint and Letter of Determination described "an on-going violation by [defendant's] discriminatory practices by failing to hire women into production-related jobs continuing until this day" (Docket No. 43, Pl. Reply Memo. at 6) but without citation to pleading or evidence of such continuing acts.

From plaintiff's discovery and its initial reluctance to pursue mediation, it is clear that the agency is not aware of the number of female applicants to defendant. While the Letter of Determination does not foreclose plaintiff asserting claims for those applicants after issuance of the Letter when those claims are reasonably related to the initial charge stated in the Letter, see Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1204-05 (9th Cir. 2016), cert. denied sub nom. Geo Grp., Inc. v. EEOC, ____ U.S. ___, 137 S.Ct. 623 (2017), some basis that the violations that the agency believed happened to Haas and to other female applicants up to the date of the Letter continued. All that is presented is the conjecture that defendant continued adverse employment practices that alleged occurred with Haas and other female applicants up to 2015. One purpose of the Letter of Determination is to provide notice to the defendant employer of what was allegedly done and which applicants or class of applicants had presumably suffered, see Mach Mining, LLC v. EEOC, 575 U.S. ___, 135 S.Ct. 1645, 1656 (2015).

Defendant states that it is willing to produce documents up to 2013 or 2014 (Docket No. 34, Pl. Atty. Affirm. ¶¶ 4, 5) before the date of the 2015 Letter of Determination. There is no justification for limiting this disclosure to periods <u>before</u> the issuance of this Letter of Determination.

One court concluded that "with regard to temporal scope, discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period," EEOC v. Kansas City S. Ry., 195 F.R.D. 678, 679 (D. Kan. 2000) (Waxse, Mag. J.) (citing cases). This Court has "to balance the clear relevance of the information against the burden on the

defendant," id. at 680. In Kansas City Southern Railway, the district court denied in part plaintiff's motion to compel, restricting answers to Interrogatory only for a period of three years prior to the alleged discriminatory conduct and one year after the conduct allegedly occurred, deeming this four-year range to be "reasonable and sufficient for purposes of gathering information to establish a violation of Title VII," id. In EEOC v. Autozone, Inc., 258 F. Supp. 2d 822, 830 (W.D. Tenn. 2003), that court recognized the EEOC's broad investigative power, thus justifying investigation years after the issuance of a Letter of Determination, id. at 831 (citing cases). That court authorized discovery for two years after issuance of that Letter but not forward to the present day, id. at 831-32 (see Docket No. 42, Def. Memo. at 8; cf. Docket No. 34, Pl. Memo. at 9); see also Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 62-63 (D.N.J. 1985) (allowing discovery for two years after termination of employment).

The Southern District of Texas in EEOC v. Bass Pro Outdoor World, LLC, 1 F. Supp. 3d 647 (2014) (Docket No. 42, Def. Memo. at 9; but see Docket No. 43, Pl. Reply Memo. at 6) limited EEOC enforcement action only to facts discovered in pre-litigation, pre-conciliation processes, id. at 671-72. Defendant, relying upon this Bass Pro decision, argues that plaintiff cannot seek discovery beyond the conciliation period (Docket No 42, Def. Memo. at 9). Plaintiff replies that this precedent was overruled by the Supreme Court's decision in Mach Mining, supra, 135 S.Ct. 1645 (Docket No. 43, Pl. Reply Memo. at 6). Since plaintiff is not obligated to identify all aggrieved individuals (id.; see also Docket No. 42, Def. Memo. at 7), plaintiff concludes that it is not limited to the start of conciliation in defining the scope of the class and hence the scope of discovery (Docket No. 43, Pl. Reply Memo. at 6).

9

Plaintiff seeks injunctive relief against future discrimination (see id. at 7) and, while this Court is not now deciding the merits of granting that relief, plaintiff still has not alleged continuous discrimination by defendant. That relief, as well as seeking an Order defendant to change its policies to provide equal employment opportunities, does not necessarily presume that defendant is still engaged in discriminatory conduct. It could be based upon past conduct in order to prevent its reoccurrence.

With the allegations in this case, a compromise in the scope of discovery of **two years from the October 2015 issuance of the Letter of Determination here** balances plaintiff's need to identify the aggrieved applicants and establish the scope of defendant's conduct with the burden on defendant to produce for areas arguably not claimed in the Complaint, Kansas City S. Ry., supra, 195 F.R.D. at 680. Plaintiff now argues that defendant's adverse conduct was continuous (e.g., Docket No. 43, Pl. Reply Memo. at 6-7) but the Complaint and Letter of Determination at the most imply continuity to the present. Discovery of the two years after issuance of the Letter of Determination allows the parties to determine the scope of plaintiff's claim.

Thus, plaintiff's motion (Docket No. 34) to compel is **granted in part**; plaintiff is entitled to relevant materials regarding female applicants up to **October 19, 2017**, or two years after issuance of the Letter of Determination.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 34) to compel is **granted in part as discussed above, with so much of the motion seeking production of already (or to be produced) materials from January 2008 to July 2009 deemed moot**.

A further status conference will be set in a separate Order (see Docket No. 45).

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 19, 2019